## DESPAU & AL. vs. SWINDLER.

APPEAL from the court of the third district.

East'n. District.
*June* 1825.

DESPAU & AL.
*vs.*
SWINDLER.

MARTIN, J. delivered the opinion of the court. This is an action on the defendant's promissory note. The answer denies the amicable demand and there is a plea of compensation. The plaintiffs had a verdict and judgment, and the defendant appealed.

The courts of this state recognise the signature of the justices appointed by the governor, with consent of the senate. A justice's certificate will not be rejected because it does not bear date from his parish.

1. His counsel urges in this court that the petition should have been dismissed because the plaintiff Despau did not legally answer the defendant's interogatories.

2. His answer ought not to have been read, as it does not appear to have been sworn to, before a magistrate.

3. The plea of compensation was supported, and ought to have been allowed.

I. The record shows that the dissmissal of the petition was moved on the ground, that the answer of one of the plaintiffs was not sworn to before a magistrate, on the refusal of the judge, a bill of exceptions was taken.

It appears that the *jurat* is subscribed by J. Prevosty, who subscribes himself a justice of the peace; but, he does not state of what parish he is a justice, nor does it appear from the

DESPAU & AL.
vs.
SWINDLER.

date of the *jurat,* nor in any part of the paper on which the answer is written, in what parish it was made or sworn to, the parish of Point Cou- pée, being only referred to; as the place of re- sidence of the respondent.

We are of opinion the district judge did not err. The courts of this state must recognise the capacity of the magistrates of the differ- ent parishes, appointed by the governor, with the approbation of the senate. The court of the third district was therefore bound to recognise the signature of Prevosty, a justice of one of the parishes in that district.

His certificate ought not to have been re- jected, because in the date of it, he omitted to state the place he was in, when he certified. We must presume, as all judicial acts must be taken to have been properly done, until the contrary appears, that he was in his parish. The circumstance of the deponent being a re- sident of his parish, adds some weight to the presumption. It being very improbable, that where an inhabitant of a parish makes an affi- davit, before one of the justices of his parish: both the magistrate and the deponent, should be out of that parish at the time.

II. As we presume the answer was properly

East'n. District.
*June* 1825.

sworn to, we are bound to say, it was **correctly**
allowed to be read.

DESPAU & AL.
*vs.*
SWINDLER.

III. The jury found the plea of compensation
against the defendant, and we are unable to
say they erred.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be affirmed with costs.

*Preston* for the defendant.